UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 6:04-CR-88

UNITED STATES OF AMERICA                                                   PLAINTIFF

v.                                   **OPINION AND ORDER**

GABRIEL NAVARRO MORALES,                              DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (DE 153) and the Magistrate Judge's Recommended Disposition (DE 162) which recommends that the Defendant's motion be denied.

    I.       **FACTS.**

    A.      **The Defendant's State and Federal Sentences.**

On May 14, 2003, the Defendant was arrested on Oklahoma state charges of possession with intent to distribute of cocaine. (Rec. No. 145, p. 1). While he was incarcerated and awaiting trial on those charges, he was indicted in this district on various federal charges including conspiracy to possess and to distribute over 500 grams of methamphetamine.

On January 7, 2005, the Defendant was sentenced by an Oklahoma state court to a six-year prison term. (Rec. No. 147, p. 1; Rec. No. 145, p. 1). The Defendant asserts that, on February 18, 2005, he was transferred from Oklahoma state prison custody to federal custody on a Writ of Habeas Corpus Ad Prosequendum. (Rec. No. 145, p. 2).

On November 10, 2005, the Defendant pleaded guilty in this Court to the federal charge of conspiracy to possess and to distribute over 500 grams of methamphetamine. (Rec. No. 82). Under

the plea agreement, the Defendant waived the right to appeal and to attack collaterally his federal guilty plea and conviction but he retained the right to appeal and collaterally attack his sentence. (Rec. No. 80, Plea Agreement ¶ 7).

On March 16, 2006, the Defendant appeared before this Court with counsel for sentencing. He did not object to the Presentence Report. (Rec. Nos. 107, 108). This Court determined that the appropriate advisory sentencing guideline range was 210 to 262 months. (DE 115, Sentencing Transcript at 5). After the U.S. Attorney moved for a sentencing departure based on substantial assistance and the defense counsel also moved the Court to "depart by half from the low end of the guideline range," this Court sentenced the Defendant to a term of imprisonment of 152 months. (DE 115 at 9, 20). The Judgment is silent on whether the federal sentence should run concurrent with or consecutive to the 6-year state sentence. After sentencing, the Court remanded the Defendant to the custody of the U.S. Marshal. (Rec. No.108).

On March 24, 2006, the Defendant, by his trial attorney, filed a Notice of Appeal of his sentence. (Rec. No. 114). The Sixth Circuit affirmed the sentence upon plain error review. (Rec. No. 140).

The Defendant asserts that, on May 13, 2006, he was returned to state custody in Oklahoma. (Rec. No. 145, p. 4). He further asserts that, on January 3, 2007, he was paroled by the state of Oklahoma and transported to a federal institution to serve his federal sentence. (Rec. No. 150, p. 3). The Defendant states that, once in federal custody, he received a computation of his federal sentence from the BOP showing the federal sentence would run consecutive to the state sentence and that the Defendant would receive no credit toward his federal sentence for the approximately 15 months he spent in federal custody between February 18, 2005 and May 13, 2006. (Rec. No. 161, Reply at 2-3).

**B.      Defendant's § 2255 Motion.**

On July 2, 2007, the Defendant filed in this Court a "Motion for Clarification of Sentence, Alternatively to Clarify Jail Credit." (Rec. No. 145). With the motion, the Defendant asked this Court to issue an order stating "whether the defendant's undischarged state sentence should run concurrent with the federal sentence" or "[a]lternatively, whether defendant should be given jail credit for the time spen[t] in federal custody prior to his federal sentence." (Rec. No. 145, p.1).

As to whether his federal sentence should run concurrent with his state sentence, the Defendant argued that, after being sentenced by this Court, he should not have been returned to state custody but should have instead remained in federal custody to serve his federal sentence concurrent with his state sentence. As to whether he should receive credit for time spent in federal custody prior to his federal sentence, the Defendant argued that he should received a credit of 14 months and 25 days for the period he spent in federal custody before being remanded to state custody after sentencing by this Court, i.e., the period from February 18, 2005 to May 13, 2006.

After being ordered to do so by this Court, the United States filed a response to the Defendant's motion. (Rec. No. 147). The United States argued that this court did not have jurisdiction to modify the Defendant's sentence under 18 U.S.C. § 3582(c). That provision prohibits this Court from modifying a term of imprisonment once it is imposed except upon a motion by the Director of the Bureau of Prisons; as authorized by statute; or as authorized by Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 permits this court to modify a sentence to correct "arithmetical, technical, or other clear error" within seven days after sentencing; or, upon the government's motion, where the defendant has provided "substantial assistance" in investigating or prosecuting another person.

As to the Defendant's request that the Court clarify the judgment to state whether the federal prison term ran consecutive to or concurrent with the state term, the United States argued that, pursuant to 18 U.S.C. § 3584(a), when the district court's judgment is silent on this issue, the law presumes that it runs consecutively.

As to the Defendant's request for credit on his federal term for the time spent in federal custody before being remanded to state custody, the United State argued that the Bureau of Prisons computes federal sentences and applies credit where it is due, not the sentencing court, and that this court lacks authority to address the issue before the Bureau of Prisons has acted. The United States also argued that Oklahoma state prison personnel had advised the United States that the Defendant was given credit on his state sentence for the time spent in federal custody before the termination of his state prison sentence. The United States argued that this Court could not also give the Defendant credit for this time on his federal sentence.

On October 10, 2007, this Court entered an order denying the Defendant's Motion for Clarification of Sentence, or, Alternatively to Clarify Jail Sentence "for the reasons articulated in the United States Response." (Rec. No. 149).

The Defendant then filed a pro se "Motion for Relief from Judgment or for other Extraordinary Relief." (Rec. No. 150). In his motion, the Defendant asserted that his Motion for Clarification of Sentence, or, Alternatively to Clarify Jail Sentence was, in fact, a Motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Under that statute, a federal prisoner may move the federal court that imposed his sentence to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The United States did not oppose the Defendant's Motion for Relief from Judgment and the Court granted it, setting aside its October 7, 2007 Order that denied the Defendant's Motion for Clarification of Sentence, or, Alternatively to Clarify Jail Sentence Order (Rec. No. 152). The Court further ordered that the Defendant's Motion for Clarification of Sentence would be construed as a motion under 28 U.S.C. § 2255.

## II.     The Magistrate Judge's Recommendation.

The matter was referred to the Magistrate Judge to issue a recommended disposition. After the matter was fully briefed, the Magistrate Judge issued a recommended disposition (Rec. No. 162), recommending that Court deny the Defendant's motion for relief under Section 2255.

The Magistrate Judge reviewed the Plaintiff's Section 2255 motion (Rec. No. 153), his reply brief (Rec. No. 161), and his Motion for Relief from Judgment (Rec. No. 150) and determined that the Defendant presents the following grounds for relief from his sentence: 1) counsel was ineffective by failing to ask for a concurrent sentence; 2) counsel was ineffective by failing to investigate or become knowledgeable about § 5G1.3 of the United States Sentencing Guidelines which addresses the imposition of concurrent or consecutive sentences on a defendant who is subject to an undischarged term of imprisonment; 3) counsel was ineffective by failing to inform the Defendant that his federal sentence would run consecutive to his state sentence; 4) the Defendant was deprived of due process when he did not receive credit toward his federal sentence for the approximately 15 months he spent in federal custody before he was remanded to state custody, i.e., from February 18, 2005 to May 13, 2006; and 5) the Defendant was deprived of due process when the U.S. Marshal returned him to state custody after he was sentenced in this Court.

5

The Magistrate Judge characterized the four and fifth claims as "sentence calculation" claims and the first three claims as "ineffective assistance" claims.

### A.     Magistrate Judge's Determination Regarding "Sentencing Calculation" Claims.

As to his "sentence calculation" claims, the Defendant had not raised these claims on direct appeal.  Absent certain exceptional circumstances, to assert a claim under § 2255 that was not raised on direct appeal, the defendant must show cause for the default and prejudice, or actual innocence. *See, e.g., Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001).  To show cause, the movant must point to "some objective factor external to the defense" that prohibited him from raising the issue at sentencing or on appeal.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show prejudice, the movant must demonstrate an error that worked to his actual and substantial disadvantage. *United States v. Frady*, 456 U.S. 152, 170 (1982).

The Magistrate Judge determined that the Defendant had not made a claim of actual innocence.  The Magistrate Judge also determined that the Defendant had not shown adequate cause for failing to raise these claims on direct appeal.  The Magistrate Judge noted that the Defendant argued that he did not discover that his federal sentence would run consecutive to his state sentence until he was placed in a federal institution in January 2007 after completing his state sentence but that the Defendant had not supported this argument with an affidavit.

In contrast, the United State had filed an affidavit by Paul Croley, the Defendant's former counsel, who stated that he advised the Defendant prior to the federal sentence that it would be entirely up to the district judge's discretion whether the Defendant's federal sentence would run consecutive to or concurrent with his state sentence. Croley further stated that he advised the Defendant to contact his Oklahoma counsel to see whether it would be possible for the Defendant

to be re-sentenced in state court to specify that the state sentence would run concurrent with the federal sentence.

The Magistrate Judge determined that, based on Croley's affidavit, it appeared "that [the Defendant] likely was aware of the consecutive sentence, or, at a minimum, he knew the potentiality and should have confirmed the status much sooner." (Rec. No. 162, at 6 n. 6).

As to prejudice, the Magistrate Judge concluded that the Defendant could not show he suffered any prejudice when he did not receive any credit toward his federal sentence for time spent in federal custody while his state sentence remained undischarged. This is because, under 18 U.S.C. § 3585(b), a defendant cannot receive double credit for time spent in custody and it was undisputed that the Defendant received credit toward his state sentence for the time spent in federal custody.

**B.  Magistrate Judge's Determination Regarding "Ineffective Assistance" Claims.**

As to the Defendant's ineffective assistance of counsel claims, these claims do not require a showing of cause and prejudice. *See Massaro v. United States*, 538 U.S. 500 (2003). Accordingly, the Magistrate Judge analyzed these claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the claimant must establish that, "in light of all the circumstances, trial counsel's performance fell below an objective standard of reasonableness and that the resulting prejudice deprived him of a fair trial. *Skaggs. v. Parker*, 235 F.3d 261, 267 (6th Cir. 2000).

The objective standard of reasonableness is a "highly deferential" standard that includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688-89. The "proper standard for attorney performance is that of reasonably effective assistance." *Id*. at 687.

To prove the prejudice prong of an ineffective assistance claim, the claimant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Van Hook v. Anderson*, 560 F.3d 523, 529 (6th Cir. 2009) (citing *Strickland*, 466 U.S. at 694).

As to the Defendant's claim that his counsel was ineffective for failing to ask this Court to order that the Defendant's federal sentence run concurrently with his state sentence, the Magistrate Judge determined that the Defendant could not show a reasonable probability that this Court would have ordered a concurrent sentence if asked to do so.

The Magistrate Judge noted that the Defendant's state sentence fell within U.S.S.G. § 5G1.3(c) which makes the decision entirely within the discretion of the district judge whether to impose a federal sentence concurrently or consecutively with an undischarged sentence. The Magistrate Judge noted that this Court had sentenced the Defendant to a term far below the guidelines range. Relying on Croley's affidavit, the Magistrate Judge determined that defense counsel had obviously made a strategic decision that this Court would not likely impose a concurrent sentence and, thus, such relief should be pursued in state court instead. The Magistrate Judge determined that defense counsel chose to instead concentrate on the substantial assistance departure as a means of lessening the Defendant's federal sentence.

As to the Defendant's claim that his counsel was ineffective for failing to become knowledgeable about the Sentencing Guidelines, again relying on Croley's affidavit, the Magistrate Judge determined that Croley regularly represents Defendants in federal court, that he reviewed the presentence investigation report with Morales, and that he informed the Defendant that the district court had discretion whether to impose the sentence consecutively or concurrently. The Magistrate

Judge determined these facts undermined the claim and showed that his counsel afforded "reasonable professional assistance."

As to the Defendant's claim that his counsel was ineffective for failing to inform him that his federal sentence would run consecutively with his state sentence, the Magistrate Judge again concluded that the Defendant had failed to show prejudice from any such failure and, thus, was not entitled to relief.

### III.     Defendant's Objections.

The Defendant has filed certain objections to the Magistrate Judge's Recommended Disposition. This Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

The Defendant does not object to the Magistrate's determination that his "sentencing calculation" claims are procedurally defaulted. In the portion of his objections in which the Defendant argues that his claims are not procedurally defaulted (Rec. No. 164, § IIB), he addresses only his ineffective assistance of counsel claims, arguing correctly and consistent with the Magistrate Judge's opinion that such claims are not subject to the cause-and-prejudice requirement. Accordingly, the Court adopts the Magistrate Judge's recommendation with regard to the Defendant's "sentencing calculation" claims.

As to the Defendant's ineffective assistance of counsel claims, he argues that the Magistrate Judge's conclusions are contrary to *Glover v. United States*, 531 U.S. 198 (2001). In that case, the Supreme Court assumed "for analytic purposes" that the trial court had erred in a Sentencing Guidelines calculation. *Id*. at 199-200. The defendant in that case filed a § 2255 motion arguing that his counsel was ineffective for failing to argue for a lower sentencing guideline. *Id*. at 201. The

district court and the Seventh Circuit declined to decide the ineffective assistance claims, finding that, even if the district court should have applied the lower sentencing guideline, it would only decrease the defendant's sentence by 6 to 21 months and that did not amount to "prejudice." *Id*. at 202.

The Supreme Court reversed on that determination only, finding that the asserted sentencing error clearly resulted in prejudice. *Id*. at 204. Because the lower courts had never addressed the ineffective assistance of counsel claim, the Supreme Court also declined to address the merits of that claim. *Id*. at 204-05. *Glover* is, therefore, inapplicable to the Magistrate Judge's conclusion regarding the merits of the Defendant's ineffective assistance of counsel claims. Accordingly, the Defendant's objections to the Magistrate Judge's recommendation are overruled.

Accordingly, the Court, HEREBY ORDERS that:

(1) The Magistrate Judge's Recommended Disposition (Rec. No. 162) is ADOPTED as the opinion of the Court;

(2) The Defendant's motion under 28 U.S.C. § 2255 (Rec. No. 153) is hereby DENIED; and

(3) A certificate of appealability, if requested, SHALL NOT be issued.

Dated this 23rd day of October, 2009.



Signed By:
*Karen K. Caldwell*
United States District Judge